## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ULYSSES HERNANDEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** 3:22-00039 |
| | § | |
| **AMERICAN FIRE PROTECTION** | § | |
| **GROUP, INC., d/b/a MUTUAL** | § | |
| **SPRINKLERS, INC. et al.,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT AMERICAN FIRE PROTECTION GROUP, INC.'S
### <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1441, Defendant American Fire Protection Group, Inc. ("AFPG") removes this civil action filed by Ulysses Hernandez ("Plaintiff" or "Hernandez") in the 171st Judicial District Court, El Paso County, Texas to the United States District Court for the Western District of Texas.  Removal is proper on the following grounds:

### I. BACKGROUND

1.      On December 23, 2021, Plaintiff filed his Original Petition ("Petition") in an action entitled *Ulysses Hernandez v. American Fire Protection Group, Inc. d/b/a Mutual Sprinklers, Inc., and API Group, LLP* in the 171st Judicial District Court of El Paso County, Texas under Cause No. 2021DCV4338 (the "State Court Action"). The State Court Action arises from Plaintiff's employment with Defendant AFPG and asserts claims of disability discrimination and retaliation against Defendants under chapter 21 of the Texas Labor Code.

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders on file in the State Court Action are attached as **Exhibits A-1 through A-5.**

3.      Defendant AFPG was served with summons on January 26, 2022.

4.      Defendant API Group, LLP was purportedly served with process on January 10, 2022.  Such service was improper because the Affidavit of Service states that service was made on a "clerk for Registered Agent CT Corporation," (Ex. A-4), even though, as set forth herein, API Group, LLP has no registered agent and cannot be served by effecting service on AFPG.  Although API Group, LLP's consent to removal is therefore not required, counsel for API Group, LLP has advised counsel for AFPG that API Group, LLP does consent to this removal and intends to file a notice of consent.

5.      Mutual Sprinklers, Inc. is identified in the style of the Petition only as a fictitious trade name for Defendant AFPG.  To the extent the Petition can be interpreted as seeking to name Mutual Sprinklers, Inc. as a separate Defendant, the docket sheet in the State Court Action indicates that Mutual Sprinklers, Inc. has not individually been served with process.  (Ex. A-2).

6.      This Notice of Removal is therefore properly and timely filed pursuant to 28 U.S.C. § 1446(b).

## II.  THIS COURT HAS DIVERSITY JURISDICTION

7.      AFPG removes this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.  A party may seek to remove claims to federal court in civil actions "between citizens of different States if the amount in controversy exceeds $75,000."  *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016).  As discussed below, there is complete diversity of citizenship in the present case, and the amount in controversy threshold is met.

A.      **Plaintiff and AFPG Are Diverse**.

8.      Plaintiff admits that he is a citizen of the State of Texas.  (Ex. A-2, Petition ¶ 2).

9.      While the Petition is silent as to Defendant AFPG's citizenship, the declaration of AFPG's Chief Executive Officer, Mike Gengler, attached as **Exhibit B**, establishes that AFPG is

a Minnesota corporation, formed under the laws of the State of Minnesota, and has its principal

place of business in Minnesota.  (Ex. B, Declaration of Mike Gengler ("Gengler Dec."), ¶ 3).

Diversity of citizenship thus exists between Plaintiff and his former employer, AFPG.

**B.**      **API Group, LLP Was Improperly Joined as a Defendant.**

10.      The Petition names API Group, LLP as an additional defendant in this action and

alleges that API Group, LLP is a domestic partnership and a citizen of the State of Texas.  (Ex. A-

2, Petition ¶ 4).

11.      API Group, LLP's joinder in this case was improper.  Even if Plaintiff's citizenship

allegations with respect to Defendant API Group, LLP are correct, its citizenship must therefore

be disregarded for purposes of determining the existence of diversity jurisdiction.

12.      Improper joinder may be based on either "(1) actual fraud in the pleading of

jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

diverse party in state court."  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)

(quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).  A court may determine whether a

party has been improperly joined based on the second ground by conducting a Rule 12(b)(6)

analysis.  *See id.* (the court may initially look at the allegations to determine whether the complaint

states a claim against the in-state defendant).  If the Petition misstates or omits discrete facts that

would determine the propriety of joinder, the Court may alternatively pierce the pleadings and

conduct a summary inquiry.  *See id.*

13.      Joinder of API Group, LLP in this case was improper because there is no possibility

of recovery against API Group, LLP on the claims asserted in the Petition.  To recover under

chapter 21 of the Texas Labor Code, a plaintiff must prove that the defendant falls within the

statutory definition of "employer" and that there was an employment relationship between the

parties.  *See* Ancira Enters., Inc. v. Fischer, 178 S.W.3d 82, 88 (Tex. App. – Austin 2005, no

pet.).  The statute defines the term, in relevant part, as "a person who is engaged in an industry

affecting commerce and has 15 or more employees …; [or] an agent of [such] a person."  Tex.

Lab. Code Ann. § 21.002(8)(A), (B).  Only an <u>employer</u> can be liable under chapter 21.  *See Miles*

*v. Lee Anderson Co*., 339 S.W.3d 738, 742 (Tex. App.-Houston [1ˢᵗ Dist.] 2011, no pet.) ("An

entity is not subject to liability under [chapter 21] unless the plaintiff proves that … (1) the entity

falls within the statutory definition of employer, [and] (2) an employment relationship exists

between it and the defendant….") ; *see also* Tex. Lab. Code Ann. §§ 21.051, .055 (an employer

commits an unlawful employment practice if because of, *inter alia,* disability, the employer

discriminates against an individual in the terms and conditions of employment or retaliates because

the individual engaged in protected activity).

14.    The Petition does not allege facts sufficient to establish a plausible claim that API

Group, LLP may be held liable to Plaintiff as an employer, let alone <u>Plaintiff's</u> employer.  Plaintiff

does not even assert that API Group, LLP is an employer as defined by the Texas Labor Code.

Nor does the Petition allege facts to show that API Group, LLP is engaged in an industry affecting

commerce and has 15 or more employees, or that it is an agent of an employer.  *See* Tex. Lab.

Code Ann. § 21.002(8).  And although the Petition makes the conclusory assertions that AFPG is

a partner of API Group, LLP and that both were Plaintiff's joint employers, (Ex. A-2, Petition ¶¶

6-7), it is utterly devoid of any factual allegations to support these contentions.

15.    While the Court, for purposes of a Rule 12(b)(6) analysis, must accept the facts in

the Petition as true, it cannot "accept as true conclusory allegations, unwarranted factual

inferences, or legal conclusions."  *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citations

omitted).  Because the conclusory assertions in paragraphs 6 and 7 of the Petition are all that tie

API Group, LLP to Plaintiff, the Petition fails to establish any "reasonable basis for [this Court] to predict that Plaintiff might be able to recover against [API Group, LLP]." *IEVM v. United Energy Group, Ltd*., 818 F.3d 193, 206 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573).

16.    Moreover, the Petition both misstates and omits discrete facts that would demonstrate the impropriety of joinder.  To the extent the Court deems it necessary to do so, it may therefore pierce the pleadings to determine whether API Group, LLP was properly joined. *Smallwood*, 385 F.3d at 573-74 (where plaintiff has misstated or omitted facts that would determine propriety of joinder, the court may pierce the pleadings).

17.    The actual facts show that the assertions in paragraphs 6 and 7 of the Petition are unsubstantiated.  The limited liability partnership registration on file with the Texas Secretary of State reveals that API Group, LLP is a general partnership with two partners, who are both individuals.  (**Exhibit C**, Declaration of Theresa Costin (hereinafter "Costin Dec.") ¶¶ 4-5 & **Ex. C-1**, Registration of a Limited Liability Partnership).  AFPG is not listed as a partner.  (*Id.*).

18.    AFPG is a wholly-owned subsidiary of APi Group, Inc., a Minnesota corporation headquartered in Minnesota.  (Ex. B, Gengler Dec. ¶ 4).  Defendant API Group, LLP has no relationship whatsoever with either AFPG or APi Group, Inc.  (*Id.* ¶ 5.)  AFPG is not, and never has been, a partner of API Group, LLP.  (*Id.*).  Nor is AFPG or its parent corporation, APi Group, Inc., otherwise affiliated in any way with API Group, LLP.  (*Id.*).

19.    In sum, not only does the Petition fail to show that Plaintiff could recover against API Group, LLP, its joinder in this action was also based on misrepresentations and omissions that cannot be reconciled with the actual facts.  Its citizenship should therefore be disregarded.

**C.**     <u>**Mutual Sprinklers, Inc. Was Improperly Joined as a Defendant**</u>.

20.    The analysis is substantially similar with respect to Mutual Sprinklers, Inc.  In fact,

the Petition alleges that Mutual Sprinklers, Inc. is merely a d/b/a – a fictitious trade name – of AFPG. (Ex. A-2, Petition ¶ 3); Tex. Bus. Org. Code Ann. § 5.051. Nonetheless, the Petition goes on to characterize Mutual Sprinklers, Inc. as a domestic corporation and a citizen of the State of Texas. (*Id.* ¶ 5.) The Texas Business Organizations Code, however, expressly prohibits a legal entity from using a name that is the same as a fictitious name. *See* Tex. Bus. Org. Code Ann. § 5.053(a) (the name of a filing entity must be distinguishable from the fictitious name under which a foreign filing entity is registered to transact business in Texas). Mutual Sprinklers, Inc. thus cannot at once be AFPG's trade name and a domestic corporation. Yet, although Mutual Sprinklers, Inc. is identified in the style of the case only as a fictitious name of AFPG and not as a separate defendant, paragraph 5 of the Petition misleadingly refers to it as a "Defendant." (Ex. A-2, Petition ¶ 5). The Petition then goes on to allege that all "Defendants" were "partners" and "Plaintiff's employer and joint employer." (*Id.* ¶¶ 6, 7).

21.    Plaintiff has failed to plead any facts whatsoever in support of his assertions that Mutual Sprinklers, Inc., despite being a fictitious trade name, has a separate corporate existence and that it is a domestic corporation. Furthermore, there is not so much as a single factual allegation to support the Petition's conclusory contentions that Mutual Sprinklers, Inc. (1) was a partner of both AFPG – a corporation – and API Group, LLP; (2) was an "employer" as defined in section 21.002(8) of the Texas Labor Code; and (3) was Plaintiff's employer or joint employer together with AFPG and API Group, LLP.

22.    As with API Group, LLP, the Court should not accept these conclusory allegations and unwarranted factual inferences as true for purposes of determining improper joinder. *See Arnold*, 979 F.3d at 266. Because the Petition is wholly devoid of any facts showing that Mutual Sprinklers, Inc. is a domestic corporation, is an employer within the definition of the Texas Labor

Code and stood in an employment relationship with Plaintiff, it fails to establish any "reasonable basis for this Court to predict that Plaintiff might be able to recover" against Mutual Sprinklers, Inc. as an entity separate from AFPG.  *IEVM*, 818 F.3d at 206.

23.    And, as with API Group, LLP, Plaintiff has both misstated and omitted facts that would reveal the impropriety of joinder.  For example, the Petition fails to disclose that Mutual Sprinklers, Inc. is not in fact listed as a registered business entity with the Texas Secretary of State but is listed as a fictitious name for AFPG.  (Ex. C, Costin Dec. ¶¶ 6-8).

24.    The facts further show that Defendant acquired the assets of a company named Mutual Sprinklers, Inc. in January 2012, including the right to use its corporate name.  (Ex. B, Gengler Dec. ¶ 6).  The seller thereafter changed its name to Sprinkler MS, Inc.  (*Id.* ¶ 7).  Since the acquisition, there has been no separate legal entity bearing the name "Mutual Sprinklers, Inc." (*Id.*).

25.    Therefore, the Petition on its face demonstrates the Plaintiff has no plausible claim for relief against Mutual Sprinklers, Inc. as a separate Defendant. In addition, the facts demonstrate that Mutual Sprinklers, Inc. has been nothing more than a fictitious name since January 2012. There is no reasonable possibility that Plaintiff could recover separately against Mutual Sprinklers, Inc., and consequently Mutual Sprinklers, Inc. was also improperly joined.

26.    Both API Group, LLP and Mutual Sprinklers, Inc. thus may be disregarded for purposes of removal.  Complete diversity of citizenship exists in this case.

D.    **The Amount in Controversy in this Action Exceeds the Required Threshold.**

27.    Removal is also proper because the amount in controversy in this matter exceeds $75,000.  Plaintiff's Petition expressly states that "Plaintiff seeks monetary relief over $1,000,000 for all the other relief to which Plaintiff deems himself entitled."  (Ex. A-2, Petition ¶ 33).  The

Petition also states that Plaintiff seeks "lost wages and benefits in the past and future and compensatory damages in the past and future, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses." (*Id.* ¶ 32). Plaintiff additionally represents that he seeks punitive damages. (*Id.*) Finally, Plaintiff asserts he is entitled to recover "attorneys' fees, costs of court, and expert fees." (*Id.* ¶ 34). Taken together, Plaintiff's claims for damages and Plaintiff's statement that he is seeking relief over $1,000,000 are more than sufficient to establish that the amount in controversy exceeds $75,000. *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (holding amount in controversy requirement was met even though plaintiff did not allege a specific amount of damages, but claimed damages for punitive damages, attorneys' fees, lost pay, lost fringe benefits, front pay, loss of wage-earning capacity, harm to [plaintiff's] credit and credit reputation, and mental anguish and emotional distress).

28.     Accordingly, because this action is wholly between citizens of different states and because the amount in controversy exceeds $75,000 exclusive of interest and costs, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1).  This action is therefore removable pursuant to 28 U.S.C. §1441.

### III. VENUE

29.     Venue is proper in the Western District of Texas, El Paso Division because all or a substantial part of the actions complained of in Plaintiff's Original Petition allegedly occurred in El Paso County, Texas.  (Ex. A-2, Petition ¶ 9).  Plaintiff also initiated this action in El Paso County.

## IV.  STATE COURT NOTICE OF REMOVAL

30.     Defendant has or will promptly file a true and correct copy of this Notice of Removal with the Clerk of the 171st Judicial District Court, El Paso County, Texas, as required by 28 U.S.C. § 1446(d). Written notice of the filing of this Notice of Removal has been or will be given to Plaintiff and all other parties who have been served in this action as required by law.

## V.  CONCLUSION

For these reasons, Defendant requests that the above-styled action, pending in the 171st Judicial District Court in El Paso County, Texas, be removed to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

/s/ *Katrin U. Schatz*
        Katrin U. Schatz
        Texas State Bar No. 00796284
        Katrin.Schatz@jacksonlewis.com
        Weston J. Mumme
        Texas State Bar No. 24108300
        Weston.Mumme@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008

**ATTORNEYS FOR DEFENDANT
AMERICAN FIRE PROTECTION
GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a the foregoing document has been served on all counsel of record by filing with the ECF filing system on January 31, 2022, which will cause service to be made upon the following:

|  |  |
|---|---|
| Brett Duke | Daniela Labinoti |
| brettduke@brettduke.com | daniela@labinotilaw.com |
| Law Office of Brett Duke, P.C. | Law Firm of Daniela Labinoti, P.C. |
| 6350 Escondido Dr., Ste. A-14 | 707 Myrtle Ave |
| El Paso, Texas 79912 | El Paso, Texas 79901 |

/s/ *Katrin U. Schatz*
Katrin U. Schatz