# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **ULYSSES HERNANDEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **AMERICAN FIRE PROTECTION** | § | |
| **GROUP, INC., d/b/a MUTUAL** | § | |
| **SPRINKLERS, INC. et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## EXHIBIT A

## INDEX OF DOCUMENTS FILED IN THE STATE COURT LITIGATION

Pursuant to 28 U.S.C. § 1446(a), the following documents are attached to the Notice of

Removal filed herein:

| **Exhibit** | **Document Name** | **Date Filed** |
|---|---|---|
| A-1 | Docket Sheet – State Court | 01/31/2022 (print date) |
| A-2 | Plaintiff's Original Petition | 12/23/2021 |
| A-3 | Request for Citation | 01/04/2022 |
| A-4 | Citation and Affidavit of Service - API Group, LLP | 01/13/2022 |
| A-5 | Answer to Plaintiff's Original Petition of Defendant American Fire Protection Group, Inc. d/b/a Mutual Sprinklers, Inc. | 01/28/2022 |

Exhibit A-1

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back        Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2021DCV4338

| | |
|---|---|
| **ULYSSES HERNANDEZ VS. AMERICAN FIRE PROTECTION GROUP, INC.,** § <br> **d/b/a MUTUAL SPRINKLERS, INC., and API GROUP, LLP** § <br> § <br> § <br> § | Case Type: **Wrongful Termination** <br> Date Filed: **12/23/2021** <br> Location: **171st District Court** |

---

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| Defendant | American Fire Protection Group, Inc. | | **Katrin U. Schatz** <br> *Retained* <br> 214-520-2400(W) |
| Defendant | API Group, LLP | | |
| Defendant | Mutual Sprinklers Inc | | |
| Plaintiff | Hernandez, Ulysses | | **BRETT DUKE** <br> *Retained* <br> 915-875-0003(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 12/23/2021 | **Original Petition (OCA)      Index # 1** |
| 12/23/2021 | **E-File Event Original Filing** |
| 01/03/2022 | **Request      Index # 2** |
| 01/04/2022 | **Citation** |

| | | | |
|---|---|---|---|
| American Fire Protection Group, Inc. | Unserved | Response Received | 01/28/2022 |
| API Group, LLP | Served | | 01/10/2022 |
| | Response Due | | 01/31/2022 |
| | Returned | | 01/13/2022 |
| Mutual Sprinklers Inc | Unserved | | |

| | |
|---|---|
| 01/28/2022 | **Answer      Index # 5** |

Exhibit A-2

ULYSSES HERNANDEZ,

     Plaintiff,

v.

AMERICAN FIRE PROTECTION GROUP, INC., d/b/a
MUTUAL SPRINKLERS, INC., and
API GROUP, LLP,

     Defendants.

**PLAINTIFF'S ORIGINAL PETITION**

**Discovery Level**

1.     Plaintiff intends to conduct discovery under Texas Rule of Civil Procedure 190.4 – Level 3.

**Parties**

2.     Plaintiff is a male individual, born in 1969, Citizen of the State of Texas, and an employee as defined by the Texas Labor Code.

3.     Defendant American Fire Protection Group, Inc., d/b/a Mutual Sprinklers, Incorporated, may be served with process by serving its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.  Defendant is an employer as defined by the Texas Labor Code.

4.     Defendant API Group, LLP, a domestic, limited liability partnership, also a Citizen of the State of Texas so no diversity of jurisdiction exists, may be served with process by serving its president, vice president, at its principal office 1575 Redbud Blvd., Suite 215, McKinney, Texas 75069.  This Defendant may also be served by serving its partners American Fire Protection Group, Inc., d/b/a Mutual Sprinklers, Incorporated and/or Mutual Sprinklers, Incorporated.

1

5.     Defendant Mutual Sprinklers, Inc., is a domestic corporation, also a Citizen of the State of Texas so no diversity of jurisdiction exists, that may be served with process by serving its registered agent Corporation Service Company D/B/A+, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Defendant is an employer as defined by the Texas Labor Code.

6.     During Plaintiff's employment, Defendants were partners.

7.     During Plaintiff's employment, Defendants were Plaintiff's employer and joint employer.

## Exhaustion of Administrative Procedures

8.     Plaintiff complied with all necessary administrative prerequisites.  Plaintiff timely filed his Charge of Discrimination. There has been the passage of 180 days after the filing of Plaintiff's Charges of Discrimination.   Therefore, Plaintiff complied with all necessary administrative prerequisites.

## Jurisdiction and Venue

9.     This suit is brought, and jurisdiction lies pursuant to Section 21.254 of the Texas Labor Code.   This action properly lies in El Paso County, Texas, where the unlawful employment practices occurred.  This is not a legal action against Defendants for Defendants' exercise of the right of free speech, right to petition, or right of association.   This is a legal action for discrimination and retaliation in violation of the Texas Labor Code.

10.     The United States District Courts do not have subject matter jurisdiction because there is no federal-question jurisdiction and there is no diversity jurisdiction.

## Facts

11.     Defendants hired Plaintiff in September 2019 as a fire alarm technician to work for Defendants in El Paso, Texas.

12.     Plaintiff worked for Defendants in El Paso, Texas.

13.     Plaintiff suffers from a disability, level 4 kidney failure and diabetes, physical impairments that substantially limit one or more major life activities, including major bodily functions, including cleansing the blood and processing bodily waste.  Plaintiff's disability is not transitory or minor.

14.     On March 16, 2020, Plaintiff was scheduled for an appointment with a customer that day.

15.     However, Plaintiff already had a scheduled a doctor's appointment with his kidney specialist.

16.     Plaintiff advised Defendants of his disability, his scheduled doctor's appointment, and he requested the accommodation of rescheduling the customer appointment to another time to allow Plaintiff to attend his appointment with his doctor.

17.     On March 19, 2020, Defendants discharged Plaintiff.  Defendants discharged Plaintiff because of his disability, record of disability, it regarded Plaintiff as disabled, and in retaliation for seeking an accommodation.

18.     Defendants' pretextual reason for the adverse employment actions against Plaintiff was that Defendants did not have enough work.  The real reason Defendants discharged Plaintiff was because of Plaintiff's disability and in retaliation for seeking an accommodation of allowing Plaintiff to attend my scheduled doctor's appointment.

**Count I.**
**Discrimination because of Disability**

19.     Plaintiff incorporates all allegations made elsewhere in this petition.

20.     As detailed above, Defendants committed unlawful employment practices because Defendants intentionally discriminated against Plaintiff because of his disabilities, records of disabilities, and Defendants regarded him as disabled.  Defendants also refused to accommodate Plaintiff's disabilities.  Defendants violated section 21.051 of the Texas Labor Code.

3

21.     Plaintiff is a member of a protected class, has disabilities or physical impairments, level 4 kidney failure and diabetes, physical impairments that substantially limit one or more major life activities, including major bodily functions, including cleansing the blood and processing bodily waste.  Also, there were records of Plaintiff's disabilities.  Also, Defendants regarded Plaintiff has disabled and handicapped.

22.     Plaintiff was qualified to continue employment with Defendants.

23.     Plaintiff suffered the adverse employment action of Defendants terminated Plaintiff's employment.

24.     Defendants replaced Plaintiff's position with someone not a member of the protected class and otherwise treated Plaintiff differently because of his disabilities.

25.     Defendants did not discharge Plaintiff for a legitimate, non-discriminatory reason.

26.     Defendants' proffered basis for Plaintiff's discharge was pretextual.

**Count II.**
**Retaliation**

27.     Plaintiff incorporates all allegations made elsewhere in this petition.

28.     As detailed above, Defendants committed unlawful employment practices because Defendants intentionally retaliated against and discriminated against Plaintiff because of his opposition to a discriminatory practice, complaining of discrimination, seeking an accommodation, filing a complaint, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing.  Defendants' retaliation against Plaintiff resulted in even more of a hostile work environment and ultimately in Defendants discharging Plaintiff. Defendants violated 21.055 of the Texas Labor Code.

29.     Plaintiff engaged in protected activity.

30.     Plaintiff suffered the adverse employment action of Defendants terminated Plaintiff's employment.

31.     There was a causal connection between the protected activity and the adverse employment action.  Defendants discharged Plaintiff within less than one week of Plaintiff engaging in protected activity.

## Damages

32.     As a direct and proximate result of the Defendants' discrimination and retaliation, Plaintiff has been damaged in the form of lost wages and benefits in the past and future and compensatory damages in the past and future, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.  The harm to Plaintiff resulted from Defendants' actual malice.  Defendants retaliated against and discharged Plaintiff with actual malice, ill will, spite, evil motive, or purpose to injure Plaintiff.  Plaintiff seeks punitive damages for Defendants' violations of his rights.  Plaintiff seeks punitive damages against Defendants in an amount to be determined by the jury.

33.     Pursuant to Texas Rule of Civil Procedure 47(c)(1), Plaintiff has been damaged in an amount within the jurisdictional limits of this Court and Plaintiff states that Plaintiff seeks monetary relief over $1,000,000 for all the other relief to which Plaintiff deems himself entitled. This statement is made solely to comply with Texas Rule of Civil Procedure 47 and not for argument to the jury. The monetary relief actually awarded will ultimately be determined by the jury.

## Attorney Fees, Court Costs, and Expert Fees

34.     Plaintiff is entitled to attorney fees, costs of court, and expert fees.

**Conditions Precedent**

35.     All conditions precedent have been performed or have occurred.

**Jury Demand**

36.     Trial by jury is demanded and the applicable fee is paid.

**Prayer**

37.     For these reasons, Plaintiff asks that Defendants to be cited to appear and answer, and, on final trial, that Plaintiff have judgment against Defendants, for a sum within the jurisdictional limits of this Court, for the following:

    a.      general damages;

    b.      special damages;

    c.      punitive damages;

    d.      prejudgment interest as provided by law;

    e.      postjudgment interest as provided by law;

    f.      attorney fees, expert fees, court costs and all costs of suit; and

    g.      such other and further relief at law and equity to which Plaintiff may be justly entitled.

                                Respectfully submitted,

                                LAW OFFICE OF BRETT DUKE, P.C.
                                6350 Escondido Dr., Ste. A-14
                                El Paso, Texas 79912
                                (915) 875-0003
                                (915) 875-0004 (facsimile)
                                brettduke@brettduke.com

                                 /s/ Brett Duke                 
                                Brett Duke

                                LAW FIRM OF DANIELA LABINOTI, P.C.
                                707 Myrtle

El Paso, Texas 79901
(915) 581-4600
(915) 581-4605  (facsimile)
Daniela@LabinotiLaw.com

 /s/ Daniela Labinoti
Daniela Labinoti

Exhibit A-3

# LAW OFFICE OF BRETT DUKE, P.C.

Attorney and Counselor at Law
Texas and New Mexico

6350 Escondido Dr., Ste. A-14 • El Paso, Texas 79912
phone: (915) 875-0003 • fax: (915) 875-0004
email: brettduke@brettduke.com

_____

January 3, 2022

El Paso County District Clerk
500 E. San Antonio Ave #103
El Paso, TX 79901

Re:     Request Three Citations in

        Ulysses Hernandez
        v.
        American Fire Protection Group, Inc., et al.
        Cause No. 2021-DCV-4338

Dear Sir or Madam:

Please prepare a citation as follows:

TO:  American Fire Protection Group, Inc., d/b/a Mutual Sprinklers, Incorporated, c/o its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136

The citation is for service of PLAINTIFF'S ORIGINAL PETITION.

Also, please prepare another citation as follows:

TO:  API Group, LLP, c/o its president or vice president, at its principal office 1575 Redbud Blvd., Suite 215, McKinney, Texas 75069, or c/o its partners American Fire Protection Group, Inc., d/b/a Mutual Sprinklers, Incorporated and/or Mutual Sprinklers, Incorporated.

The citation is for service of PLAINTIFF'S ORIGINAL PETITION.

Also, please prepare a third citation as follows:

TO:  Mutual Sprinklers, Inc., c/o registered agent Corporation Service Company D/B/A+, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

The citation is for service of PLAINTIFF'S ORIGINAL PETITION.

Please email the citations to me at brettduke@brettduke.com.

The fees for the citations are paid with the filing of this request.

El Paso County District Clerk
January 3, 2022
Page Two

Thank you very much for your assistance.

Respectfully yours,

BRETT DUKE, P.C.

 /s/ Brett Duke
Brett Duke

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brett Duke
Bar No. 24012559
brettduke@brettduke.com
Envelope ID: 60435851
Status as of 1/4/2022 12:14 PM MST

Associated Case Party: Ulysses Hernandez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brett Duke | | brettduke@brettduke.com | 1/3/2022 11:20:17 AM | SENT |
| Daniela Labinoti | | daniela@labinotilaw.com | 1/3/2022 11:20:17 AM | SENT |

Exhibit A-4

Norma Favela Barceleau
District Clerk
El Paso County
2021DCV4338

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:  **API GROUP, LLP,** who may be served with process by serving its president or vice president at its principal office **1575 Redbud Blvd., Suite 215, McKinney, Texas 75069**. This Defendant may also be served by serving its partners American Fire Protection Group, Inc., d/b/a Mutual Sprinklers, Incorporated and/or Mutual Sprinklers, Incorporated.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **171st Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 23rd day of December, 2021 by Attorney at Law, BRETT DUKE, 6350 ESCONDIDO DR., STE A-14, EL PASO, TX 79912, in this case numbered **2021DCV4338** on the docket of said court, and styled:

**ULYSSES HERNANDEZ**
**VS.**
**AMERICAN FIRE PROTECTION GROUP, INC., d/b/a MUTUAL SPRINKLERS, INC., and API GROUP, LLP**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 4th day of January, 2022.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:  NORMA FAVELA BARCELEAU District Clerk
El Paso County, Texas

By: _____ , Deputy
Kathryn Martinez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the

date of delivery endorsed thereon and with a copy of the petition attached thereto."

Copy from re:SearchTX

CAUSE NO. 2021DCV4338

| | | |
|---|---|---|
| **ULYSSES HERNANDEZ** | § | |
| *Plaintiff(s),* | § | |
| | § | IN THE 171ST DISTRICT COURT |
| v. | § | |
| | § | OF |
| **AMERICAN FIRE PROTECTION GROUP,** | § | |
| **INC., d/b/a MUTUAL SPRINKLERS, INC.** | § | |
| **and API GROUP, LLP** | § | EL PASO COUNTY, TEXAS |
| | § | |
| *Defendant(s).* | § | |

## AFFIDAVIT OF SERVICE

I, Marianna Walls, being duly sworn, state:

I am not a party to or interested in the outcome of this suit.

I received the following documents on January 4, 2022 at 6:16 pm. I delivered these documents on API GROUP, LLP in Dallas County, TX on January 10, 2022 at 8:58 am at 1999 Bryan St, Ste. 900, Dallas, TX 75201 by leaving the following documents with Latoya Sterns who as Clerk at CT Corporation is authorized by appointment or by law to receive service of process for API GROUP, LLP.

Citation
Plaintiff's Original Petition

Additional Description:
I delivered the documents to Latoya Sterns, clerk for Registered Agent CT Corporation.

Black or African American Female, est. age 30, glasses: N, Black hair, 140 lbs to 160 lbs, 5' 6" to 5' 9".
Geolocation of Serve: http://maps.google.com/maps?q=32.7853964212,-96.7968307376
Photograph: See Exhibit 1

My full name is Marianna Walls. My date of birth is 8/20/1988. My address is 1323 Kentucky Ave, Lancaster, TX 75134.

I declare under penalty of perjury that the foregoing is true and correct.

Copy from re:SearchTX

Executed in __Dallas County__, __TX__ on
__1/11/2022__.

/s/ *Marianna Walls*

Marianna Walls - (404) 447-6900
Certification Number: PSC-18008
Expiration Date: 1/31/2022

Copy from re:SearchTX

# Exhibit 1

Exhibit 1a)



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brett Duke
Bar No. 24012559
brettduke@brettduke.com
Envelope ID: 60815344
Status as of 1/14/2022 8:12 AM MST

Associated Case Party: Ulysses Hernandez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brett Duke | | brettduke@brettduke.com | 1/13/2022 5:32:45 PM | SENT |
| Daniela Labinoti | | daniela@labinotilaw.com | 1/13/2022 5:32:45 PM | SENT |

Copy from re:SearchTX

# Exhibit A-5

## CAUSE NO. 2021DCV4338

| | | |
|---|---|---|
| **ULYSSES HERNANDEZ,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **171ST JUDICIAL DISTRICT** |
| | § | |
| **AMERICAN FIRE PROTECTION** | § | |
| **GROUP, INC., d/b/a MUTUAL** | § | |
| **SPRINKLERS, INC., and API** | § | |
| **GROUP, LLP,** | § | |
| | § | |
| **Defendants.** | § | **EL PASO COUNTY, TEXAS** |

### ANSWER TO PLAINTIFF'S ORIGINAL PETITION OF DEFENDANT
### AMERICAN FIRE PROTECTION GROUP, INC. d/b/a MUTUAL SPRINKLERS, INC.

Defendant American Fire Protection Group, Inc. d/b/a Mutual Sprinklers, Inc. ("AFPG")

files its Answer to Plaintiff's Original Petition, and states as follows:

### I.    GENERAL DENIAL

AFPG denies each and every, all and singular, material allegation of fact and law contained

in the Petition and demands strict proof thereof by a preponderance of the evidence or such other

standard as is applicable.

### II.    DEFENSES AND AFFIRMATIVE DEFNESES

AFPG alleges the following defenses and affirmative defenses to the Petition:

1.    Plaintiff's Petition fails in whole or in part to state a claim upon which relief can be

granted.

2.    Plaintiff's claims are barred, in whole or in part, to the extent that he failed to

exhaust administrative remedies or to comply with applicable statutes of limitations and applicable

filing deadlines.

3.      Plaintiff's claims are barred, in whole or in part, to the extent that they do not arise out of alleged facts within the scope of Plaintiff's administrative charge against AFPG.

4.      All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory and reasonable business reasons.

5.      Plaintiff's claims are barred because the actions complained of in the Petition were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and based on legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons, and were not based upon any reason in violation of public policy or other factors protected by law.

6.      To the extent Plaintiff alleges AFPG failed to accommodate an alleged disability, such accommodation was not reasonable.  Alternatively, Plaintiff's claims are barred, in whole or in part, because granting any reasonable accommodation Plaintiff allegedly sought or desired would have imposed an undue hardship on AFPG.

7.      Alternatively, insofar as Plaintiff made a request for accommodation, his claims are barred in whole or part to the extent AFPG engaged in an interactive dialogue about potential reasonable accommodations, AFPG provided reasonable and effective accommodations, and/or Plaintiff was responsible for any alleged failure of the interactive process.

8.      If any improper, unlawful, discriminatory or retaliatory acts were taken by any of AFPG's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to AFPG's policies, and were not ratified, confirmed or approved by AFPG and therefore cannot be attributed or imputed to AFPG.

9.      Any adverse employment actions taken against Plaintiff would have been taken regardless of Plaintiff's alleged disability and alleged protected conduct, and were based on standards, qualifications, and/or criteria that are job-related and consistent with business necessity.

10.     Any injuries or losses allegedly suffered by Plaintiff were not caused by AFPG. Rather, such injuries or losses were caused by Plaintiff or by a third party or person outside of the control of AFPG.

11.     AFPG invokes all applicable damages caps or limitations, including without limitation the damages caps established by Texas Labor Code section 21.2585.

12.     Plaintiff's claims for exemplary damages are barred to the extent they are in violation of the Constitutions of the United States and the State of Texas, or any other applicable law.

13.     Plaintiff's failure to mitigate his damages, if any, bars or limits his recovery in this matter.

14.     Plaintiff has no evidence of, and cannot show, that AFPG acted with actual malice or with grossly intentional, willful, and/or wanton action.

15.     Any alleged action regarding Plaintiff was made in good faith; consequently, Plaintiff is precluded from recovering any amount as exemplary damages.

16.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, unclean hands, and/or after-acquired evidence.

17.     AFPG is entitled to offset against a judgment in favor of Plaintiff from some or all of Plaintiff's alleged damages from any income, compensation or benefits that Plaintiff received from other employers or sources.

18.     AFPG reserves the right to assert any other defenses or affirmative defenses available upon the completion of discovery or in compliance with the Court's scheduling order.

### III.     REQUEST FOR RELIEF

WHEREFORE, AFPG respectfully requests that a take-nothing judgment be entered against Plaintiff and that AFPG recover all costs, including reasonable attorneys' fees, together with such other and further relief, both at law and in equity, to which AFPG may be justly entitled.

Respectfully submitted,

/s/ *Katrin U. Schatz*

Katrin U. Schatz
Texas State Bar No. 00796284
Katrin.Schatz@jacksonlewis.com
Weston J. Mumme
Texas State Bar No. 24108300
Weston.Mumme@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008

**ATTORNEYS FOR DEFENDANT
AMERICAN FIRE PROTECTION
GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January 2022, a true and correct copy of the foregoing document was filed with the clerk and forwarded to all counsel of record by electronic filing:

Brett Duke
Law Office of Brett Duke, P.C.
6350 Escondido Dr., Ste. A-14
El Paso, Texas 79912

Daniela Labinoti
Law Firm of Daniela Labinoti, P.C.
707 Myrtle Ave
El Paso, Texas 79901

/s/ *Katrin U. Schatz*
Katrin U. Schatz

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ginger Williford on behalf of Katrin Schatz
Bar No. 00796284
ginger.williford@jacksonlewis.com
Envelope ID: 61270021
Status as of 1/28/2022 4:12 PM MST

Associated Case Party: Ulysses Hernandez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brett Duke | | brettduke@brettduke.com | 1/28/2022 3:10:26 PM | SENT |
| Daniela Labinoti | | daniela@labinotilaw.com | 1/28/2022 3:10:26 PM | SENT |
| Danny Leal | | danny@labinotilaw.com | 1/28/2022 3:10:26 PM | SENT |

Associated Case Party: American Fire Protection Group, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 1/28/2022 3:10:26 PM | SENT |
| Katrin Schatz | | katrin.schatz@jacksonlewis.com | 1/28/2022 3:10:26 PM | SENT |
| Ginger Williford | | Ginger.Williford@jacksonlewis.com | 1/28/2022 3:10:26 PM | SENT |
| Weston J.Mumme | | weston.mumme@jacksonlewis.com | 1/28/2022 3:10:26 PM | SENT |