# Exhibit A-2

ULYSSES HERNANDEZ,

    Plaintiff,

v.

AMERICAN FIRE PROTECTION GROUP, INC., d/b/a
MUTUAL SPRINKLERS, INC., and
API GROUP, LLP,

    Defendants.

## PLAINTIFF'S ORIGINAL PETITION

### Discovery Level

1. Plaintiff intends to conduct discovery under Texas Rule of Civil Procedure 190.4 – Level 3.

### Parties

2. Plaintiff is a male individual, born in 1969, Citizen of the State of Texas, and an employee as defined by the Texas Labor Code.

3. Defendant American Fire Protection Group, Inc., d/b/a Mutual Sprinklers, Incorporated, may be served with process by serving its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Defendant is an employer as defined by the Texas Labor Code.

4. Defendant API Group, LLP, a domestic, limited liability partnership, also a Citizen of the State of Texas so no diversity of jurisdiction exists, may be served with process by serving its president, vice president, at its principal office 1575 Redbud Blvd., Suite 215, McKinney, Texas 75069. This Defendant may also be served by serving its partners American Fire Protection Group, Inc., d/b/a Mutual Sprinklers, Incorporated and/or Mutual Sprinklers, Incorporated.

5. Defendant Mutual Sprinklers, Inc., is a domestic corporation, also a Citizen of the State of Texas so no diversity of jurisdiction exists, that may be served with process by serving its registered agent Corporation Service Company D/B/A+, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Defendant is an employer as defined by the Texas Labor Code.

6. During Plaintiff's employment, Defendants were partners.

7. During Plaintiff's employment, Defendants were Plaintiff's employer and joint employer.

## Exhaustion of Administrative Procedures

8. Plaintiff complied with all necessary administrative prerequisites.  Plaintiff timely filed his Charge of Discrimination. There has been the passage of 180 days after the filing of Plaintiff's Charges of Discrimination.  Therefore, Plaintiff complied with all necessary administrative prerequisites.

## Jurisdiction and Venue

9. This suit is brought, and jurisdiction lies pursuant to Section 21.254 of the Texas Labor Code.  This action properly lies in El Paso County, Texas, where the unlawful employment practices occurred.  This is not a legal action against Defendants for Defendants' exercise of the right of free speech, right to petition, or right of association.  This is a legal action for discrimination and retaliation in violation of the Texas Labor Code.

10. The United States District Courts do not have subject matter jurisdiction because there is no federal-question jurisdiction and there is no diversity jurisdiction.

## Facts

11. Defendants hired Plaintiff in September 2019 as a fire alarm technician to work for Defendants in El Paso, Texas.

12. Plaintiff worked for Defendants in El Paso, Texas.

13. Plaintiff suffers from a disability, level 4 kidney failure and diabetes, physical impairments that substantially limit one or more major life activities, including major bodily functions, including cleansing the blood and processing bodily waste. Plaintiff's disability is not transitory or minor.

14. On March 16, 2020, Plaintiff was scheduled for an appointment with a customer that day.

15. However, Plaintiff already had a scheduled a doctor's appointment with his kidney specialist.

16. Plaintiff advised Defendants of his disability, his scheduled doctor's appointment, and he requested the accommodation of rescheduling the customer appointment to another time to allow Plaintiff to attend his appointment with his doctor.

17. On March 19, 2020, Defendants discharged Plaintiff. Defendants discharged Plaintiff because of his disability, record of disability, it regarded Plaintiff as disabled, and in retaliation for seeking an accommodation.

18. Defendants' pretextual reason for the adverse employment actions against Plaintiff was that Defendants did not have enough work. The real reason Defendants discharged Plaintiff was because of Plaintiff's disability and in retaliation for seeking an accommodation of allowing Plaintiff to attend my scheduled doctor's appointment.

**Count I.**
**Discrimination because of Disability**

19. Plaintiff incorporates all allegations made elsewhere in this petition.

20. As detailed above, Defendants committed unlawful employment practices because Defendants intentionally discriminated against Plaintiff because of his disabilities, records of disabilities, and Defendants regarded him as disabled. Defendants also refused to accommodate Plaintiff's disabilities. Defendants violated section 21.051 of the Texas Labor Code.

21. Plaintiff is a member of a protected class, has disabilities or physical impairments, level 4 kidney failure and diabetes, physical impairments that substantially limit one or more major life activities, including major bodily functions, including cleansing the blood and processing bodily waste.  Also, there were records of Plaintiff's disabilities.  Also, Defendants regarded Plaintiff has disabled and handicapped.

22. Plaintiff was qualified to continue employment with Defendants.

23. Plaintiff suffered the adverse employment action of Defendants terminated Plaintiff's employment.

24. Defendants replaced Plaintiff's position with someone not a member of the protected class and otherwise treated Plaintiff differently because of his disabilities.

25. Defendants did not discharge Plaintiff for a legitimate, non-discriminatory reason.

26. Defendants' proffered basis for Plaintiff's discharge was pretextual.

### Count II.
### Retaliation

27. Plaintiff incorporates all allegations made elsewhere in this petition.

28. As detailed above, Defendants committed unlawful employment practices because Defendants intentionally retaliated against and discriminated against Plaintiff because of his opposition to a discriminatory practice, complaining of discrimination, seeking an accommodation, filing a complaint, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing.  Defendants' retaliation against Plaintiff resulted in even more of a hostile work environment and ultimately in Defendants discharging Plaintiff. Defendants violated 21.055 of the Texas Labor Code.

29. Plaintiff engaged in protected activity.

30. Plaintiff suffered the adverse employment action of Defendants terminated Plaintiff's employment.

31. There was a causal connection between the protected activity and the adverse employment action. Defendants discharged Plaintiff within less than one week of Plaintiff engaging in protected activity.

## Damages

32. As a direct and proximate result of the Defendants' discrimination and retaliation, Plaintiff has been damaged in the form of lost wages and benefits in the past and future and compensatory damages in the past and future, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses. The harm to Plaintiff resulted from Defendants' actual malice. Defendants retaliated against and discharged Plaintiff with actual malice, ill will, spite, evil motive, or purpose to injure Plaintiff. Plaintiff seeks punitive damages for Defendants' violations of his rights. Plaintiff seeks punitive damages against Defendants in an amount to be determined by the jury.

33. Pursuant to Texas Rule of Civil Procedure 47(c)(1), Plaintiff has been damaged in an amount within the jurisdictional limits of this Court and Plaintiff states that Plaintiff seeks monetary relief over $1,000,000 for all the other relief to which Plaintiff deems himself entitled. This statement is made solely to comply with Texas Rule of Civil Procedure 47 and not for argument to the jury. The monetary relief actually awarded will ultimately be determined by the jury.

## Attorney Fees, Court Costs, and Expert Fees

34. Plaintiff is entitled to attorney fees, costs of court, and expert fees.

## Conditions Precedent

35. All conditions precedent have been performed or have occurred.

## Jury Demand

36. Trial by jury is demanded and the applicable fee is paid.

## Prayer

37. For these reasons, Plaintiff asks that Defendants to be cited to appear and answer, and, on final trial, that Plaintiff have judgment against Defendants, for a sum within the jurisdictional limits of this Court, for the following:

    a. general damages;

    b. special damages;

    c. punitive damages;

    d. prejudgment interest as provided by law;

    e. postjudgment interest as provided by law;

    f. attorney fees, expert fees, court costs and all costs of suit; and

    g. such other and further relief at law and equity to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICE OF BRETT DUKE, P.C.
6350 Escondido Dr., Ste. A-14
El Paso, Texas 79912
(915) 875-0003
(915) 875-0004 (facsimile)
brettduke@brettduke.com

/s/ Brett Duke
Brett Duke

LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle

El Paso, Texas 79901
(915) 581-4600
(915) 581-4605  (facsimile)
Daniela@LabinotiLaw.com

 /s/ Daniela Labinoti
Daniela Labinoti